UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   19-CR-20273-Moreno

UNITED STATES OF AMERICA,

-vs-

BILL K. KAPRI,
      Defendant.
_____/

### OBJECTIONS TO THE PRESENTENCE REPORT [PSR]

COMES NOW the Defendant, Bill K. Kapri, through counsel undersigned and files his Objections to the Presentence Report [PSR] and would object as follows:

1. The Defendant objects to Paragraph 16, Base Offense Level 22, and submits the base offense level should be 20. The preparer writes "[b]ecause the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence (robbery no weapon 15-012418CF10A). The base offense level is 22". The Defendant submits that the decision of the Eleventh Circuit of Appeals in *United States v. Clark*, 822 F.3d 1213 (11th Cir. 2016) mandates a different result. As paragraph 28 of the PSR notes in presenting the 2015 robbery case notes, the Defendant received a withholding of adjudication on the offenses charged, including the robbery.

2. The commentary to §2K2.1, the controlling guidelines advises "Felony Conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony regardless of the actual

sentence imposed". Cogently, the note continues:

> A conviction for an offense committed at age 18 or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is <u>classified as an adult under the laws of the jurisdiction in which the Defendant was convicted</u>". [Emphasis supplied]

3. While the Defendant was over the age of 18, the words "<u>under the laws of the jurisdiction in which the Defendant was convicted</u>" are most important.

4. The Eleventh Circuit in *Clark*, *supra*, after certifying a question to the Florida Supreme Court asking "whether the state treats a guilty plea for a felony with adjudication withheld as a 'conviction' for purposes of 790.23" [Florida's felon in possession statute] the Florida Supreme Court gave a clear response that "[f]or purposes of section 790.23(1)(a) a guilty plea for which adjudication was withheld <u>does not qualify as a conviction</u> [*Clark v. United States*, 184 So.3d 1107, 1108 (Fla. 12016) [Clark II] emphasis supplied.

While recognizing prior precedent on the issue, the Eleventh Circuit Court of Appeals recognized that its prior decisions were in error and held "therefore other prior precedent must give way to the direction we've received from Florida's highest court. We vacate Jenkin's [a Co-Defendant, who had received a withheld on a cocaine charge, in Florida State Court and argued it was not a conviction for the federal felon in possession statute], conviction for being a felon in possession of a firearm and remand for resentencing". See Also, *United States v. James*, 769 Fed. Appx. 833 (11th Cir. 2019) the court agreed to vacate the Defendants sentence and held that consistent with the Florida Supreme Court, and the prior Clark holding, a withhold is no longer considered a conviction. Also quoting *United States v. Willis*, 106 F.3d 966 (11th Cir. 1997) "a plea of nolo contendere in the State of Florida was not considered a conviction."

5. 18 U.S.C. 922(a)(6) as well as 922(g)(1), which Jenkins was charged under, are controlled by the same guideline, to wit: 2K2.1, and hence the decision of *Clark*, *supra* is controlling, it is submitted, and the Defendant thus must be sentenced as a base offense level 20, as now the disjunctive "or" applies between A and B of 2K2.1(a)(4) that is the conviction free Defendant was a prohibited person with a semiautomatic firearm that is capable of accepting a large capacity magazine.

6. Thus, with the Base Offense Level a 20, the Adjusted Offense Level should be a 22 and the Total Offense Level a level 19.

7. Considering a base offense level of 19 and a criminal history three, the Defendant objects to the guideline provision of Paragraph 81 and submits the proper guideline range is 37 - 46 months, and thus again the Defendant objects to the higher guideline range stated in the PSR.

## OBJECTIONS TO PARAGRAPH 10 OF THE PSR

8. Paragraph 10 of the PSR details that on April 17, 2019, "the defendant possessed one of the afore noted firearms(a loaded 45-9mm Glock Pistol) while returning to the United States from Canada…"  The aforementioned firearms that the PSR is referring to are the firearms purchased from Lou's Police supply. There was no purchase by the Defendant of a Glock 45 9mm.  Further, the weapon that was found in the vehicle occupied by 2 other individuals, was registered to one of the other individuals at the location.   The PSR is incorrect in regards to that it was a weapon he purchased.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 29th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record listed in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Mr. Bruce Brown, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33301

Mr. Bradford M. Cohen
Bradford Cohen Law
1132 S.E. 3rd Avenue
Fort Lauderdale, Florida 33316

Danielle Sylvester-Pierre
U.S. Probation Officer
400 N. Miami Avenue, 9th Floor
Miami, Florida 33128

             FRED HADDAD, P.A.
             315 S.E. 7th Street, Suite 301
             Fort Lauderdale, Florida 33301
             Tel: [954] 467-6767
             Fax: [954] 467-3599

             By: */s/FredHaddad*
               FRED HADDAD
               Florida Bar No. 180891
               Dee@FredHaddadLaw.com